IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JOHN MAGOFFIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:22-cv-00470-RK |
| | ) |
| HARRISONVILLE-CASS R-IX SCHOOL DISTRICT, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff filed this employment discrimination, retaliation, and civil rights complaint on July 25, 2022. (Doc. 1.) Plaintiff asserts numerous claims for relief under Title VII of the Civil Rights Act of 1964, the Missouri Human Rights Act, and 42 U.S.C. § 1983. (*Id.*) Before the Court is Defendant's motion to dismiss under Rule 8 of the Federal Rules of Civil Procedure. (Docs. 5, 6.) The motion is fully briefed. (Docs. 9, 10.)[1]

Rule 8 establishes the federal pleading standard. Rule 8(a)(2) requires, in part, "a short and plain statement of the claim showing that the pleader is entitled to relief." Similarly, Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct." As a district court in the Eastern District has explained:

> The primary purpose of Rule 8 is to allow the Court and the opposing party to understand whether a valid claim is alleged and, if so, what it is. The complaint must be sufficiently clear so the Court or opposing party is not required to keep sifting through it in search of what it is that plaintiff asserts.

*Lewis v. City of St. Louis*, No. 4:13-CV-1165 CAS, 2014 WL 241526, at *2 (E.D. Mo. Jan. 22, 2014) (citations omitted). Finally, Rule 8(e) requires the Court to construe the pleadings "so as to do justice."

Dismissal under Rule 8's short-and-plain-pleading requirement "'is reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its

---

[1] After Plaintiff initially failed to respond, the Court ordered Plaintiff to show cause why he failed to do so and to file a response to Defendant's motion to dismiss. (Doc. 7.) Plaintiff filed a show-cause response and response to Defendant's motion to dismiss on December 15, 2022. (Docs. 8, 9.) Accordingly, the Court finds the show-cause order satisfied and will consider Plaintiff's response (for which the Court grants Plaintiff leave to file out of time), accordingly.

true substance, if any, is well disguised.'" *S.C. ex rel. Melissa C. v. Riverview Gardens Sch. Dist.*, No. 2:18-cv-04162-NKL, 2019 WL 922248, at *8 (W.D. Mo. Feb. 25, 2019) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 41 (2d Cir. 1988); other citation omitted). Indeed, "pleadings that are excessively long, that contain extraneous allegations and evidence, or that misuse paragraph numbering, ordinarily do not warrant dismissal." *Heckler v. Reeds Spring R-IV Sch. Dist.*, No. 3:17-05258-CV-RK, 2018 WL 4323944, at *2 (W.D. Mo. Sept. 10, 2018) (citations omitted). The critical inquiry (even assuming a technical violation of Rule 8(a)) considers whether the subject pleading's form "interfere[s] with one's ability to understand the claims or otherwise prejudice[s] the [opposing] party in terms of preparing a response." *Id.* (citation omitted). In *Lloyd v. FedLoan Servicing LLC*, No. 4:19-cv-00762-FJG, 2020 WL 4587410 (W.D. Mo. June 8, 2020), for example, the district court found that the plaintiff's 118-page complaint including 840 paragraphs, a 26-page fact section, and 18 counts against the defendant for a single claim under the Fair Credit Reporting Act (with each claim based on each disputed tradeline) was unduly excessive, overly specific, and unnecessarily complicated to warrant dismissal. *Id.* at *3.

Here, Defendant acknowledges that Plaintiff's 29-page complaint "is not atypical" in its length. Rather, Defendant argues that various individual allegations included in the complaint are unnecessarily verbose and rhetorical, and that to respond to certain allegations it would have to parse and separate assertions of fact from assertions of opinion and/or conclusions of law. Upon review of Plaintiff's complaint, even assuming a technical violation of Rule 8's short-and-plain-pleading requirement in some respects, the Court does not find dismissal under Rule 8 is appropriate here. The complaint is not so unintelligible or unduly voluminous such that it fails to put Defendant on notice of the grounds of Plaintiff's employment discrimination, retaliation, and civil rights claims, or is such that requiring Defendant to respond to the complaint would be prejudicial. Dismissal under Rule 8 is not justified here. Accordingly, Defendant's motion to dismiss for failure to comply with Rule 8 is **DENIED**.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark<br>
ROSEANN A. KETCHMARK, JUDGE<br>
UNITED STATES DISTRICT COURT

DATED: December 28, 2022